```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**ROBERT PEREZ,**

    Plaintiff,

v.                                  Civil Action No. 2:16-1606

**WEST VIRGINIA-AMERICAN WATER COMPANY,**
**AMERICAN WATER COMPANY, and EASTMAN**
**CHEMICAL COMPANY,**

    Defendants.

                                        Consolidated with:

**CRYSTAL GOOD, et al.,**

    Plaintiffs,

v.                                  Civil Action No. 2:14-1374

**WEST VIRGINIA-AMERICAN WATER**
**COMPANY, et al.,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are plaintiff Robert Perez's (1) Motion for Review, filed May 16, 2020; (2) Motion for Reconsideration and Motion to Set Aside the Dismissal, and Restore Complaint to Its Original Position and Motion for Summary Judgment ("Motion to Reconsider"), filed May 20, 2020; (3) Amendment to Review Motion and Claim Right to Proceeds, filed June 2, 2020; (4) Confirmation in Respect to Withdrawal of All Motions for

Review, Retraction of All Pleadings, filed June 2, 2020; and (5) Motion Regarding Counsel Issues, filed June 5, 2020.

This case arose out of plaintiff's allegation that on February 16, 2014, "my home at 4904 Big Tyler Road, Cross Lanes, Kanawha County, West Virginia, caught on fire during a break in the waterline in my area causing low to no water pressure for the fire department to extinguish the fire. Neighboring fire departments attempted to bring water, but were unsuccessful in extinguishing the house fire." Perez, ECF No. 2. Plaintiff sought relief for "personal injury, damages for the loss of his home and personal property, loss of unreasonable inferences with the use of property, fear, anxiety, annoyance or inconvenience due to the actions of the Defendants." Id.

On May 29, 2020, defendant West Virginia-American Water Company filed a response to plaintiff's motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure. See Perez, ECF No. 50. The response outlines the procedural history of this case and its consolidation with the case styled, Crystal Good v. American Water Works Co., Inc., No. 2:14-cv-01374 (S.D.W. Va. filed Jan. 13, 2014). As noted by defendant, plaintiff did not opt out or object to the Amended Settlement Agreement ("ASA") prior to the court's approval in the consolidated Good case.

2

The court's June 8, 2018 Order Granting Final Approval of the Good Class Settlement and Entering Judgment provided that "[t]he court permanently bars and enjoins each Settlement Class Member from filing, asserting, commencing, maintaining or consenting to any action against the Released Entities with respect to the Released Claims." Good, ECF No. 1212 at 17, ¶ 17. Defendant also cites the release language contained in the ASA, whereby the parties agreed to "fully, finally, irrevocably, and forever release, waive, discharge, relinquish, settle, and acquit" all claims with respect to the Incident. Good, ECF No. 1163-1 ¶¶ 9.3-9.4 ("Settlement Class Members . . . fully, finally, irrevocably, and forever release, waive, discharge, relinquish, settle, and acquit any and all claims, demands, actions, or causes of action, whether known or unknown, that they may have, purport to have, or may have hereafter against any Released Entity, as defined above, arising out of or in any way related to the Incident.").

On April 7, 2020, the court dismissed the above-styled Perez action (2:16-1606), based in part on a finding that plaintiff had participated in the class action settlement by filing two claims: a Contemporaneous Medical Individual Review Claim and a Residential Individual Review Claim. The Settlement Administrator — Smith, Cochran and Hicks — informed the court

that plaintiff's Medical Claim was paid $750 on December 2, 2019, and that the check cleared on January 1, 2020.  However, plaintiff was notified on July 24, 2018 that he did not meet the Residential Individual Review Claim requirements and that he could either resubmit this claim or elect to be reprocessed as a Residential Simple Claim.  After plaintiff decided to keep his claim intact as filed, he received a notice of denial on March 25, 2019.  He did not request a second review.  <u>Perez</u>, ECF Nos. 43 & 44; <u>Good</u>, ECF No. 1287 & 1288.

Nevertheless, plaintiff now seeks a "complete review" of his claim, arguing that the Settlement Administrator's determinations were "misleading and without merit" and that the Settlement Administrator ignored his request to keep his claim "intact for review as filed."  <u>Perez</u>, ECF No. 49; <u>Good</u>, ECF No. 1294.  Citing Rule 59(e), plaintiff's Motion to Reconsider asserts that "[t]he issues presented in the original Complaint are and remain outside of the class action settlement parameters."  <u>Perez</u>, ECF No. 48; <u>Good</u>, ECF No. 1293.  Plaintiff's Amendment to Review Motion and Claim Right to Proceeds likewise requests that the court order the Settlement Administrator to disburse funds to plaintiff as he "seeks modification of his claim award in review as appropriate."  <u>Perez</u>, ECF No. 51; <u>Good</u>, ECF No. 1299.  Lastly, in his Motion

Regarding Counsel Issues, plaintiff informs the court that as a pro se litigant plaintiff "cannot determine if even the class action settlement provided me relief or if I still have a meritorious cause of action" and "unable to make up my mind or even determine as to how to proceed." Perez, ECF No. 54; Good, ECF No. 1304.

Federal Rule of Civil Procedure 59(e) provides as follows: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Fourth Circuit has observed that "[a] Rule 59(e) motion may only be granted in three situations: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" Mayfield v. National Ass'n for Stock Car Auto, 674 F.3d 369, 378 (4th Cir. 2012) (quoting Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (citations omitted)). "It is an extraordinary remedy that should be applied sparingly." Id. (citing EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997)).

Plaintiff's various motions provide no basis for relief. Plaintiff does not confront the relevant language in the ASA mentioned above and, despite any regrets he has about participating in the class action settlement, he is bound by the

terms of the ASA.  See In re MI Windows and Doors, Inc., Products Liability Litigation, 860 F.3d 218, 224 (4th Cir. 2017); see also Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) ("Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance.").  Plaintiff agreed to the settlement procedures and indeed already received payment for at least one of his claims.

Finally, insofar as plaintiff's motions contest the Settlement Administrator's determinations, he now seeks to withdraw all motions for review and "retract" all pleadings "that may arrive or have been filed."  See Perez, ECF No. 53; Good, ECF No. 1302.  Plaintiff's latest motion further indicates that he "cannot decide or figure out how to claim relief from the settlement" and remains uncertain how to proceed.  Perez, ECF No. 54; Good, ECF No. 1304.  Plaintiff's decision to proceed without counsel stands as his choice alone.  The court reiterates that plaintiff has received his full entitlement under the ASA.  Inundating the court with further information, absent a basis for relief, will not aid his case.

6

Accordingly, it is ORDERED that plaintiff's Motion for Review, filed May 16, 2020; Motion to Reconsider, filed May 20, 2020; Amendment to Review Motion and Claim Right to Proceeds, filed June 2, 2020; and Motion Regarding Counsel Issues, filed June 5, 2020, be, and they hereby are, denied. It is further ORDERED that plaintiff's motion for Withdrawal of All Motions for Review, Retraction of All Pleadings, filed June 2, 2020 be, and it hereby is, granted insofar as plaintiff seeks to retract his pending motions.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: June 8, 2020

John T. Copenhaver, Jr.
Senior United States District Judge